J-A11005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| E.J.U., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| A.M.U., | |
| Appellee | No. 2046 MDA 2016 |

Appeal from the Order Entered November 14, 2016
In the Court of Common Pleas of York County
Civil Division at No(s): 2009-FC-1798-03

BEFORE:  SHOGAN and MOULTON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                     **FILED JUNE 30, 2017**

Appellant, E.J.U. ("Father"), and Appellee, A.M.U. ("Mother"), are the parents of a daughter, A.U. ("Child").  On October 5, 2015, Father and Mother entered into a Stipulated Order for Custody of Child.  Presently, Father appeals from the order entered on November 14, 2016, that held him in contempt for fourteen separate violations of that child custody order. After careful review, we affirm in part and remand for clarification.

The trial court set forth the background of this matter as follows:

> The Court found Father to be in contempt of the Court's Order of October 5, 2015, for willfully failing to comply with the Order fourteen times. The first contempt was failure to notify of a vacation pursuant to the ["]out of York County["] vacation provision in the Order. The second, third, and fourth contempt[s]

---

[*]  Former Justice specially assigned to the Superior Court.

were for three separate instances of failing to comply with the ["]extracurricular activities["] provision of the Order. The fifth through fourteenth contempt[s] were for ten separate instances of violating the disparaging remarks provision of the Order. The Court fined Father the maximum amount permitted, $500 for each finding of contempt; a total of $7,000 for fourteen separate instances of contempt to encourage Father's future compliance with the Court's Order. The Court also ordered Father to pay Mother's attorney's fees and compensate Mother for her expenses arising from Father's contempt.

Trial Court Opinion, 1/10/17, at 2.[1]

On December 12, 2016, Father filed a timely notice of appeal, and he filed his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) two days later on December 14, 2016.[2] The trial court issued its Rule 1925(a) opinion on January 10, 2017.

On appeal, Father raises the following issues:

---

[1] In addition to the fine, the trial court also ordered Father to pay Mother's attorney's fees in the amount of $1,923.75, and $60.00 in costs Mother incurred taking Child to her riding class when Father refused. The court imposed a condition that if Father failed to pay these sums within sixty days, he would be committed to the York County Prison for thirty days. Order 11/14/16, at 2-3. These payments were stayed pending the outcome of the appeal by an order of the trial court granting Father's application for supersedeas. Order, 1/10/17.

[2] As noted, Father did not file a concise statement of errors complained of on appeal concurrently with his notice of appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). However, because Mother does not claim prejudice as a result of Father's procedural violation, we will not quash or dismiss his appeal on this basis. *See In re K.T.E.L.*, 983 A.2d 745 (Pa. Super. 2009) (holding that the appellant's failure to concurrently file the Rule 1925(b) statement with the notice of appeal did not warrant quashing or dismissing the appeal, as no court order had been violated, and there was no prejudice to any party).

I.      Whether the trial court abused its discretion when it found Father willfully violated a custody order for failure to follow the notice of vacation outside of York County provision and the extracurricular activities provision?

II.     Whether the trial court committed an error of law when it fined Father $7,000.00 and imposed incarceration upon Father without a purge condition upon a finding that Father was in contempt of a custody oder [sic]?

Father's Brief at 4.[3]

When considering an appeal from an order holding a party in contempt for failure to comply with a court order, we will reverse only upon a showing that the trial court abused its discretion.  **Harcar v. Harcar**, 982 A.2d 1230, 1234 (Pa. Super. 2009).  Additionally:

> Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. When reviewing an appeal from a contempt order, the appellate court must place great reliance upon the discretion of the trial judge.

**Langendorfer v. Spearman**, 797 A.2d 303, 307 (Pa. Super. 2002).  To sustain a finding of civil contempt, the complainant must prove: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.  **Stahl v. Redcay**, 897 A.2d 478, 489 (Pa. Super. 2006).

---

[3] For purposes of our discussion, we have renumbered Father's issues on appeal.

Here, Father is challenging the trial court's findings only with respect to taking Child out of York County to Maine and failing to transport Child to her horseback riding classes. Father's Brief at 12-13. After review, we conclude that this argument is meritless because the record confirms Father's contumacious conduct. N.T., 11/10/16, at 11-21; Mother's Exhibits 6, 11, 12. The exhibits illustrate the vitriol with which Father expresses himself to Mother and demonstrates his knowledge of the agreement, the volition of his actions, and his wrongful intent.[4] Father's text messages memorialized his refusal to take Child to her horseback riding classes, and a text message from Child to Mother reveals that Mother was informed by Child, not Father, of the trip to Maine on the night before their departure. Mother's Exhibits 6, 11, 12. The trial court addressed this issue as follows:

> At the November 10, 2016 contempt hearing, the Mother established by a preponderance of the evidence that Father was in contempt for violating the notice of vacation outside of York County provision in the Order. Page 5 of the Order provides that if either parent is going to take the child out of York County on vacation, they will advise the other parent where they will be going, where they will be staying, and an emergency telephone

---

[4] The text messages reflect that Mother reminded Father of the custody order, and Father responded by stating that the riding classes were a "three hour excursion" for him and he had "no plans to take [Child] to her riding classes during [his] custody time[.]" Mother's Exhibit 6. Father then resorted to taunting Mother to "schedule a hearing" calling her a "piece of shit," a "prick bitch," a "fucking loser," and telling Mother to "go fuck yourself." *Id*. Father continued to use profanity and disparaging remarks in his text messages to Mother in violation of the custody order and despite Mother making Father aware that she shared her phone with Child. N.T., 11/10/16, at 23.

- 4 -

number where they can be reached. The Court found that Father failed to discuss with Mother a trip he made to Maine with the child, counter to the Court's Order. Further, the Court determined Father's actions to be volitional and with wrongful intent to not notify Mother of the trip to cause her distress. The Court therefore, found Father in contempt of the notice of vacation provision and fined him $500 to encourage Father to follow the Court's Order in the future.

Second, the Court found Father in contempt of the extracurricular activities provision of the Order. Pages 8 and 9 of the Order provides that the parents must honor and participate in the activities the child wishes to engage in, be supportive of the child's activities, and transport the child to and from such activities. It was established at the contempt hearing that the child's sole extracurricular activity that she chooses to participate in is horseback riding. The child has engaged in this activity for six years. The Mother established at the contempt hearing that she provided Father with the child's 2016 horseback riding schedule at the beginning of the 2016 year. It was further established that on three separate occasions, Father failed to take his daughter to her scheduled horseback riding lessons during his periods of custody. The Court was convinced, beyond a preponderance of the evidence that Father failed to follow the Court's Order. Further, the Court found that Father's attitude towards his daughter participating in this activity demonstrated a volitional and wrongful intent of the Father to not have his daughter participate in her extracurricular activity. The Court found Father in contempt for each time he failed to take his daughter to her scheduled extracurricular activity. Therefore, the Court fined Father the maximum allowable amount of $500 for each contempt as a means to encourage Father to carry out the Court's Order and take the child to her extracurricular activities.

Trial Court Opinion, 1/10/17, at 4-6. We agree with the trial court and discern no abuse of discretion in the trial court's conclusion that Father was in contempt of the custody order on these occasions. Accordingly, no relief is due.

In his second issue, Father complains that the trial court committed an error of law when it fined him $7,000.00, $500.00 for each of the fourteen acts of contempt, and included a term of incarceration if Father did not pay the fine within sixty days. We conclude that there was no error.

The statute that enumerates the available sanctions for contempt of a custody order is set forth below:

**(g) Contempt for noncompliance with any custody order.—**

(1) A party who willfully fails to comply with any custody order may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:

> (i) Imprisonment for a period of not more than six months.

> (ii) A fine of not more than $500.

> (iii) Probation for a period of not more than six months.

> (iv) An order for nonrenewal, suspension or denial of operating privilege under section 4355 (relating to denial or suspension of licenses).

> (v) Counsel fees and costs.

23 Pa.C.S. § 5323(g)(1).

Father argues that there is no authority for the trial court fining him the maximum amount under 23 Pa.C.S. § 5323(g)(1)(ii) for each of his separate acts of contempt. *See* Father's Brief at 10 ("There is nothing in the statute that permits a $500.00 'per violation' fine."). Thus, Father argues

that the maximum amount the trial court could fine him was $500.00 and not $7,000.00.

In his brief on appeal, Father has not cited any precedent supporting his claim, and our independent research has failed to uncover any authority that is directly on point. Nevertheless, we conclude that Father's argument in untenable.

In her petition for contempt, Mother alleged that Father engaged in numerous acts of contempt of the custody order. Petition, 7/25/16, at ¶ 6. As noted above, the trial court concluded that Mother proved by a preponderance of the evidence that Father failed to notify Mother of a vacation to Maine, failed on three instances to comply with the extracurricular-activities provision of the custody order, and violated the prohibition against making disparaging remarks against Mother on ten occasions. Trial Court Opinion, 1/10/17, at 2. In the absence of any authority to the contrary, we conclude that there was no error in the trial court fining Father for each violation of the custody order.

Moreover, were we to accept Father's construct, he would receive a volume discount on his actions. Such an interpretation would require Mother to file an individual petition for contempt for each contumacious act. We conclude that such an interpretation would create unnecessary expense for Mother in filing multiple petitions and cause a waste of court resources. Additionally, we conclude that there is nothing in the statute that prohibited

Mother from alleging multiple contempts in a single petition, nor is there a prohibition on the trial court meting out a fine for each separate act of contempt.

Finally, Father argues that the trial court erred in imposing a term of incarceration without a purge condition. However, Father provides no authority requiring a purge condition under the facts of this case. Moreover, while a purge condition is a traditional feature of civil contempt, when imposing a contempt fine for noncompliance with a custody order under 23 Pa.C.S. § 4346,[5] the order imposing the fine need not specify a purge condition. **Sutliff v. Sutliff**, 522 A.2d 80, 83 (Pa. Super. 1987). For these reasons, we conclude that no relief is due.

Finally, we are constrained to note that the trial court's order does not specify to whom Father is to pay the fine. Accordingly, we remand this matter to the trial court for the limited purpose of designating the payee of the fine. **See Brocker v. Brocker**, 241 A.2d 336, 339 (Pa. 1968) (stating that the remedial punishment of a fine may be payable to a government body or an aggrieved litigant).

For the reasons set forth above, we affirm the trial court's November 14, 2016 order in part, and remand for the trial court to designate to whom the fine is owed.

_____

[5] Effective January 24, 2011, P.L. 1106, No. 112, § 2 repealed 23 Pa.C.S. § 4346 and replaced it with 23 Pa.C.S. § 5323(g).

Order affirmed in part. Case remanded, in part, for clarification. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2017